United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Olivier F. Apparisio, <br> Plaintiff/Counter-Defendant, <br><br> v. <br><br> Pruco Life Insurance Company, <br> Defendant/Counter-Plaintiff, <br><br> v. <br><br> The Estate of Eve B. Defrance, <br> Joelle Defrance, and Dimitri <br> Defrance, Third-Party Defendants. | Civil Action No. 19-20823-Civ-Scola |

### Omnibus Order

Defendant and Counter-Plaintiff Pruco Life Insurance Company seeks the entry of an order of interpleader with respect to an insurance policy because it is uncertain as to entitlement to the policy's proceeds. (Pruco's Mot., ECF No. 13.) Plaintiff and Counter-Defendant Olivier F. Apparisio, the named beneficiary of the policy, opposes the interpleader (Apparisio's Resp., ECF No. 18) and at the same time urges the Court to dismiss Pruco's counterclaim against him for interpleader (Apparisio's Mot., ECF No. 15). Upon the Court's referral of Pruco's motion for interpleader to United States Magistrate Judge Edwin G. Torres for a report and recommendation, Judge Torres recommends granting the motion in part and denying it in part (Rep. & Rec., ECF No. 30.) After a de novo review, and for the reasons that follow below, the Court adopts Judge Torres's report in its entirety, thus **granting in part and denying in part** Pruco's motion (**ECF No. 13**). For similar reasons, the Court also **denies** Apparisio's motion to dismiss (**ECF No. 15**) Pruco's counterclaim for interpleader. Lastly, the Court **denies as moot** Third-Party Defendants Joelle Defrance, and Dimitri Defrance's motion for an extension of time to amend their pleadings or join additional parties (**ECF No. 41**).

1. **Background**

Pruco issued a $5 million-dollar life insurance policy to Eve B. Defrance on August 1, 2010. Apparisio was named as the beneficiary of that policy. Defrance died, in Ontario, Canada, on August 24, 2018. Initially, the coroner identified her death as a suicide but then later listed it as "undetermined." (Pruco's Mot.,

Ex. B, ECF No. 13-2, 2.) According to Pruco's counterclaim, the Toronto Police Service has since opened an investigation into the cause of Defrance's death and has not ruled out Apparisio's involvement. (Pruco's Am. Countercl. ¶ 11, ECF No. 12.) If it is ultimately determined that Apparisio unlawfully and intentionally killed Defrance, he will not be entitled to collect the Pruco insurance benefits under Florida law. (*Id.* at ¶ 15.) Instead, the proceeds will pass to either Defrance's estate or her remaining next of kin—her mother Joelle and her brother Dimitri. (*Id.*)

Despite these uncertainties, including the ongoing police investigation, Apparisio filed a complaint against Pruco on March 1, 2019, complaining Pruco had breached the terms of the policy by failing to pay the benefits to him. (Compl., ECF No. 1.) Pruco acknowledges having no interest in the proceeds and remains willing to pay the proceeds to the proper beneficiary or beneficiaries. However, because of the ongoing investigation into Defrance's death, Pruco is unable to determine the rightful beneficiary under the policy. Accordingly, Pruco has filed an interpleader counterclaim and third-party complaint against Apparisio, Joelle Defrance, Dimitri Defrance, and Defrance's estate (ECF No. 12) along with a motion for the entry of an order of interpleader (ECF No. 13).

**2. Discussion**

"Interpleader is designed to protect stakeholders from harassment in the face of multiple claims against the same fund, and to relieve the stakeholder from assessing which claim, among many, has merit." *Podhurst Orseck, P.A. v. Servicios Legales De Mesoamerica S. De R.L.*, 699 F. Supp. 2d 1344, 1348 (S.D. Fla. 2010) (Gold, J.) (citation omitted). An interpleader action allows "the contesting parties to have their rights determined in a court of equity so as to protect the plaintiff from double liability, and to preserve the rights of any claimant to the fund." *Id.* at 1348–49 (citation omitted).

**A. The Court affirms and adopts Judge Torres's report and recommendation on Pruco's motion for interpleader in its entirety.**

After a de novo review of the record, including Apparisio's objections to Judge Torres's report and Pruco's response thereto,[1] the Court agrees that Pruco's motion for interpleader should be largely granted and adopts Judge Torres's report in its entirety. First, the Court agrees with Judge Torres's assessment of various Florida statutes that shield insurers from liability under

---

[1] The Court notes Apparisio also filed a "reply" to Pruco's response. No such filing is permitted under the Local Rules of this Court and the Court therefore **strikes** Apparisio's submission (**ECF No. 38**) from the docket. *See* Loc. Mag. Judge Rule 4(b) (providing for only the filing of objections and a response thereto).

certain circumstances and how those statutes impact an insurer's ability to advance an interpleader action. That is, even if certain Florida statutes protect an insurer from exposure to multiple liabilities in specified situations, those provisions do not insulate an insurer from all liability whatsoever that might arise from the payment of insurance proceeds to a beneficiary who may ultimately prove to be ineligible to receive the benefit. For example, Florida's facility of payment statute applies "[w]henever the proceeds of . . . a life . . . insurance policy . . . become payable in accordance with the terms of such policy." Fla. Stat. § 627.423. At the time Pruco filed its interpleader claim, Defrance's cause of death was undetermined and Apparisio had not been cleared of involvement. *If* it is ultimately determined Defrance was unlawfully and intentionally killed by Apparisio, then, under Florida's slayer statute, Apparisio will not be entitled to the proceeds of the policy. In this sense then, the proceeds of the policy have not necessarily "become payable" as set forth in the facility-of-payment provision. *See Farmers New World Life Ins. Co. v. Rees*, 161 Cal. Rptr. 3d 678, 687 (Ct. App. 2013) (finding that a similar statutory provision in California did not render an insurance company's interpleader action unnecessary under similar circumstances).

      Apparisio's reliance on Florida's slayer statute for the same reason is equally unavailing. A provision of that statute requires an insurer to "mak[e] payment according to the terms of its policy" in order to avoid liability "by reason of this section." Fla. Stat. § 732.802(6). Under the policy's terms, if Defrance is not survived, Pruco is to pay the policy proceeds to her estate. (Am. Countercl. at ¶ 15.) And, under the slayer statute, if Apparisio is found to have unlawfully and intentionally killed Defrance, the proceeds are to be paid "as though the killer had predeceased the decedent." Fla. Stat. § 732.802(3). Under this scenario then, Defrance's mother and brother may also claim entitlement to the insurance proceeds as [her] remaining next of kin." (Am. Countercl. at ¶ 15.) Pruco's interpleader claim is thus a means for it to determine how to "mak[e] payment according to the terms of its policy" in light of Florida's slayer statute. *See Rees*, 161 Cal. Rptr. 3d at 688 ("Given [the beneficiary's] status as a suspect in [the insured's] homicide, and the statutory requirement that [the insurer] administer the policy as though [the beneficiary] had predeceased [the insured] if he were found to have feloniously and intentionally killed her, a reasonable probability of double vexation existed at the time [the insurer] filed the interpleader action.") "Indeed, it would be contrary to the statutory scheme for interpleader" and Florida's slayer statute "to encourage an insurer to pay the policy benefits to a 'suspect' beneficiary simply as a means of discharging its liability and walking away from the matter." *Id.*

Second, the Court agrees with Judge Torres that, although Pruco has not provided a detailed account regarding any alleged involvement Apparisio may have had with Defrance's death, Pruco has nonetheless set forth that it has a legitimate fear that it *may* be subjected to adverse claims if it were to pay the proceeds to him. Indeed, even in a case where the state has "nolle prossed" a murder indictment against a beneficiary, a Florida court still found that an insurer was entitled to *either* disburse the proceeds or "seek a judicial determination of the rightful beneficiary." *Founders Life Assur. Co. of Fla. v. Harrell*, 247 So. 2d 20, 21 (Fla. 1st DCA 1971) (cited with approval by *Genworth Life Ins. Co. v. Sehorne*, 8:07CV2308T30EAJ, 2008 WL 912438, at *2 (M.D. Fla. Apr. 1, 2008)). Simply put, Pruco has been put on notice that it *may* be exposed to multiple liability if it pays the proceeds to Apparisio because it was informed that the cause of Defrance's death has yet to be finally determined and Apparisio's involvement has not been ruled out. As Judge Torres concluded, and as this Court agrees, this is enough to support Pruco's interpleader action. *See, e.g., Hartford Life & Accident Ins. Co. v. McRae*, 613CV554ORL36KRS, 2013 WL 12394230, at *1 (M.D. Fla. July 17, 2013) (finding interpleader to be an appropriate vehicle for an insurer where law enforcement is investigating whether an insured's death was a homicide and where the two beneficiaries under the policy have not yet been ruled out suspects). Apparisio has not presented any authority that anything more is needed for the interpleader action to lie in this case.

Third, the Court concurs with Judge Torres that Pruco's interpleader is not premature: a defendant need only show that it has been or *may* be subjected to adverse claims. And "[t]he danger of adverse claims need not be immediate," rather an insurer need only "have a legitimate fear of multiple litigation directed against a single fund." *McKerchie v. S. First Manor, LLC*, 07-61365-CIV-COOKE, 2008 WL 2262048, at *2 (S.D. Fla. May 30, 2008) (Cooke, J.). Here, both Defrance's mother and brother have been served and have answered Pruco's third-party interpleader complaint. (ECF No. 39.) For now, this is enough.

Fourth, the Court also agrees that there is no statutory requirement that Pruco pay a life-insurance claim within sixty days. The statute Apparisio relies on merely provides for attorneys' fees to a beneficiary who obtains a judgment against an insurer if the beneficiary's suit was commenced sixty days after a proof of the claim was submitted to the insurer. Fla. Stat. § 627.428(2).

Lastly, the Court concurs with Judge Torres's determination that while Pruco is not entitled to recover attorneys' fees or costs with respect to this interpleader action, it should nonetheless be dismissed from this case. Apparisio's breach of contract claim against Pruco is simply not viable—

especially in light of Apparisio's argument that Pruco should not be dismissed so that he can pursue Pruco for attorneys' fees. (Apparisio's Objs. at 18.) While the Court is perplexed by Pruco's refusal to more fully communicate with Apparasio before he filed suit, there is simply no allegation that Pruco has acted improperly or in bad faith in withholding payment or seeking interpleader in this case. Pruco has disclaimed any interest in the life insurance benefits that are payable under the policy and is ready and willing to pay the proceeds, plus accrued interest, into the Court's registry. There is no need, then, for Apparasio to obtain a judgment against this disinterested stakeholder and Pruco should therefore be dismissed from this case.

In sum, the Court grants Pruco's request for an order of interpleader; grants Pruco's request to deposit the insurance proceeds, plus accrued interest, in to the Court's registry; denies Pruco's request for a fee or cost award; and dismisses Pruco from this case, discharging it from all further liability with respect to the policy at issue.

### B. The Court denies Apparisio's motion to dismiss Pruco's amended counterclaim.

Apparisio's contentions in support of his motion to dismiss largely mirror two of the arguments he set forth in opposing Pruco's motion for interpleader and his objections to Judge Torres's report and recommendations. In his motion, he points to (1) the protections afforded Pruco under Florida's facility-of-payment and slayer statutes; and (2) Pruco's failure to pay the proceeds of the policy to Apparasio within sixty days as required under Florida Statutes section 627.428. As both of these arguments were dispensed with as set forth above, the Court finds no merit to Apparisio's motion to dismiss.

### 3. Conclusion

In sum, the Court **overrules** Apparisio's objections (**ECF No. 32**), **adopts** Judge Torres's report and recommendation (**ECF No. 30**) in full, thus **granting in part and denying in part** Pruco's interpleader motion (**ECF No. 13**). The Court also **denies** Apparisio's motion to dismiss (**ECF No. 15**) Pruco's interpleader counterclaim. The Court additionally orders the following:

A. Pruco must deposit the insurance proceeds and any applicable accrued interest into the Court's registry on or before **October 31, 2019**.

B. Apparisio must respond to the counterclaim on or before **October 31, 2019**.

C. On or before **October 31, 2019**, Apparisio, Joelle Defrance, and Dimitri Defrance must, individually, either (1) affirmatively set forth the basis for their claim to the res or (2) notify the Court they are disavowing any claim to the res.

D. The scheduling order (**ECF No. 21**) previously entered in this case is **vacated**.

E. The parties must meet and confer by **November 5, 2019** and submit an amended joint discovery plan and conference report on or before **November 11, 2019**.

F. Once Pruco remits the proceeds and interest as directed in section A, above, it will be dismissed from this action and discharged from further liability regarding the policy at issue in this case. The claimants named above may not institute any proceeding or commence or continue any action against Pruco in relation to the policy.

G. Pruco's request for fees and costs is denied.

Because the Court has vacated the previously entered scheduling order, the Court further **denies as moot** Joelle Defrance and Dimitri Defrance's motion for an extension of time (ECF No. 41).

**Done and ordered** at Miami, Florida, on October 21, 2019.

_____
Robert N. Scola, Jr.
United States District Judge