United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Olivier F. Apparisio,<br>Plaintiff/Counter-Defendant,<br><br>v.<br><br>Pruco Life Insurance Company,<br>Defendant/Counter-Plaintiff,<br><br>v.<br><br>The Estate of Eve B. Defrance,<br>Joelle Defrance, and Dimitri<br>Defrance, Third-Party Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 19-20823-Civ-Scola<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**<u>Order Granting Motion for Judgment on the Pleadings</u>**

This interpleader action is the result of Pruco Life Insurance Company's uncertainty regarding the rightful beneficiary of the proceeds of a $5 million-dollar life-insurance policy, insuring the life of Eve B. Defrance. Now before the Court is interpleader claimant, Counter-Defendant Olivier Apparisio's, motion for a judgment on the pleadings against interpleader claimants and Third-Party Defendants Joelle Defrance (Eve's mother) and her son, Dimitri Defrance,[1] seeking distribution of the interpleaded funds. (Apparisio's Mot., ECF No. 60.) Apparisio submits that, because neither Joelle nor Dimitri (together, the "Defrance Family") has made any affirmative claim to the res, previously deposited in the Court's registry, Apparisio is the sole remaining claimant and, therefore, entitled to disbursement of the policy proceeds. In response, the Defrance Family argues a judgment on the pleadings is inappropriate here, where it has filed an answer and alleged entitlement to a potential claim to the policy proceeds. (Defrance Family's Resp., ECF No. 64, 6.) After careful review, the Court finds Apparisio has shown he is entitled to a judgment on the pleadings with respect to Joelle and Dimitri. Apparisio has not, however, addressed the Estate of Eve B. Defrance's involvement in this case and any potential claim the Estate might have to the res. The Court therefore **grants in part and denies in part** Apparisio's motion (**ECF No. 60**), as explained more fully, below.

---

[1] Because there are multiple parties in this case who share the same last name, the Court refers to them by their first names when referring to them individually.

1. **Background**[2]

Pruco issued a $5 million-dollar life insurance policy to Eve on August 1, 2010. (Interpleader ¶ 8, ECF No. 12.) Apparisio was named as the beneficiary of that policy. (*Id.*) Eve died, in Ontario, Canada, on August 24, 2018. (*Id.* at 9.) Initially, the coroner identified her death as a suicide but then later listed it as "undetermined." (*Id.* at ¶ 10.) The Toronto Police Service, however, has since opened an investigation into the cause of Eve's death and has not ruled out Apparisio's involvement. (*Id.* at ¶ 11.) Pruco was concerned that if Apparisio was ultimately determined to have participated in Eve's death, then he would not be entitled to the policy proceeds, thus potentially entitling the Defrance parties to claims to the proceeds. (*Id.* at ¶ 15.) Joelle and Dimitri answered the interpleader complaint, largely admitting, and certainly not disputing, any of the allegations. (Defrance Family's Ans., ECF No. 39.) In their answer, the Defrance Family did not make any affirmative claim to the res. (*Id.*)

After careful review, the Court adopted United States Magistrate Judge Edwin G. Torres's report and recommendation, granting Pruco's motion for the entry of an interpleader action. (Order, ECF No. 45.) In doing so, the Court ordered Pruco to deposit the policy proceeds, plus interest, into the Court's registry and discharged Pruco from further involvement in the case, relieving it of any liability with respect to the policy. (*Id.* at 5.) At the same time, the Court denied Apparisio's motion to dismiss Pruco's interpleader claim, ordering him to respond to the interpleader. (*Id.*) Lastly, in that order, the Court directed Joelle and Dimitri to "either (1) affirmatively set forth the basis for their claim to the res or (2) notify the Court they are disavowing any claim to the res." (*Id.* at 6.)

In response to that directive, Joelle and Dimitri submitted a "notice of filing" which attached a September 20, 2019, letter their attorney had sent to Pruco. In the letter, the attorney explains that, should Apparisio be found to have unlawfully killed Eve, Joelle and Dimitri "intend to assert their claim to the proceeds of the policy, via Eve's estate." (Defrance Family's Not., Ex. 1, ECF No. 47-1.) Apparisio, in turn, answered the interpleader, affirmatively claiming an entitled to the policy proceeds. (Apparisio's Ans., ECF No. 49.) The Estate was served (ECF No. 27), but has not actually appeared in this case.

Apparisio now seeks a judgment on the pleadings against Joelle and Dimitri and asks the Court to disburse to him the policy proceeds, plus interest. (Apparisio's Mot. at 4.)

---

[2] Unless otherwise noted, the historical facts, set forth in this section, are taken from Pruco's interpleader claim and have either been affirmatively admitted or not disputed by the Defendants.

## 2. Legal Standard

As set forth in Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." *Cunningham v. Dist. Attorney's Office*, 592 F.3d 1237, 1255 (11th Cir. 2010). A court ruling on a 12(c) motion must "accept all the facts in the complaint as true and view them in the light most favorable to the nonmoving party." *Id.* A motion for judgment on the pleadings is subject to the same analysis as a motion to dismiss pursuant to Rule 12(b)(6). *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998).

Under the applicable 12(b)(6) standard, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its own face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).[3] While the Court must accept well-pleaded facts as true, it need not assume the truth of conclusory allegations, nor are parties entitled to have the Court view unwarranted deductions of fact or argumentative inferences in their favor. *See, e.g.*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action" insufficient to survive motion to dismiss); *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007) (per curiam). A court may also properly consider documents attached to the complaint, answer, or motion so long as they are (1) central to the plaintiff's claim, and (2) undisputed. *Horsley v. Feldt*, 304 F.3d 1125, 1134–1135 (11th Cir. 2002); *cf. Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205–06 (11th Cir. 2007) (including exhibits among factual allegations to be considered on 12(b)(6) motion to dismiss, stating "when the exhibits contradict the . . . allegations of the pleading, the exhibits govern").

In order to be "minimally sufficient," a complaint must put a defendant on notice of the claims against him. *Bailey v. Janssen Pharmaceutica, Inc.*, 288 Fed. Appx. 597, 603 (11th Cir. 2008); *see also City of Fort Lauderdale v. Scott*, 773 F. Supp. 2d 1355, 1362 (S.D. Fla. 2011) ("Under the *Iqbal* standard, a plaintiff must allege facts which put each defendant on notice of the claims against him."). Moreover, a complaint will not suffice if it tenders "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (holding that well-

---

[3] The Court uses (cleaned up) to indicate that internal quotation marks, alterations, or citations have been omitted from quotations. *See, e.g.*, *Durham v. Rural/Metro Corp.*, 955 F.3d 1279, 1285 (11th Cir. 2020).

pleaded complaint "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation") (both quotations cleaned up).

### 3. Discussion

"Interpleader is designed to protect stakeholders from harassment in the face of multiple claims against the same fund, and to relieve the stakeholder from assessing which claim, among many, has merit." *Podhurst Orseck, P.A. v. Servicios Legales De Mesoamerica S. De R.L.*, 699 F. Supp. 2d 1344, 1348 (S.D. Fla. 2010) (Gold, J.) (citation omitted). An interpleader action allows "the contesting parties to have their rights determined in a court of equity so as to protect the plaintiff from double liability, and to preserve the rights of any claimant to the fund." *Id.* at 1348–49 (citation omitted). Apparisio argues he is entitled to judgment on the pleadings because the Defrance Family, despite ample opportunity to do so, has failed to make any affirmative claim to the res in this case. (Apparisio's Mot. at 5.) The Defrance Family counters that judgment on the pleadings is not appropriate because a determination of the rights to the res requires a fact-intensive inquiry. (Defrance Family's Resp. at 5.) The Defrance Family maintains that this factual determination can only be made after the parties have been afforded a full opportunity to engage in the discovery process. (*Id.*) After careful review, the Court finds the Defrance Family has not set forth an affirmative assertion of entitlement to the res and that the time for it to have done so has long since passed.

It is uncontested that Apparisio is the sole beneficiary under the policy. Nonetheless, under Florida's slayer statute, a contingent beneficiary could establish an entitlement to the res by alleging and then proving that Apparisio intentionally and unlawfully killed Eve, thereby forfeiting his claim as a beneficiary. Fla. Stat. § 732.802(3). There is no dispute that a party looking to the slayer statute for relief bears the burden of establishing that entitlement. *Jackson Nat'l Life Ins. Co. v. Tottenham for estate of Sievers*, 216CV883FTM29MRM, 2018 WL 1449579, at *2 (M.D. Fla. Jan. 16, 2018) ("A party invoking the slayer statute . . . to prevent an unconvicted killer's acquisition of property has the burden of proving that the killing was both intentional and unlawful.") Here, the Defrance Family has not alleged facts sufficient to carry it past a judgment on the pleadings.

In its opposition, in an apparent attempt to overcome this deficiency, the Defrance Family maintains Joelle "believes . . . Apparisio murdered her daughter" and contends "[a]ll indications point to foul play." (Defrance Family's Resp. at 2, 3.) In support the Defrance Family points to what it suggests is a multitude of suspicious circumstances: "there is no legitimate reason for th[e] policy"; Eve's "only value to Apparisio was dead"; "Apparisio is falsely identified

as Eve's 'domestic partner' although he was already married and living with his wife . . . when Eve applied for and obtained the policy"; "Apparisio's wife . . . was the sole beneficiary on a separate insurance policy on Eve's life"; Apparisio's wife "was falsely identified as Eve's 'significant other'" in this policy; due to a back injury, "it is highly unlikely that [Eve] could have climbed over the balcony wall to end her own life"; "Eve left no suicide note"; "the lab report found no indication of drugs or alcohol in [Eve's] body"; and "Eve had not expressed any signs of depression in her daily communications with her family." (Defrance Family's Resp. at 2–3.) According to the Defrance Family, "only after discovery . . . will the parties be able to marshal the facts so that the Court may determine the rightful claimant to the res." (*Id.* at 4.) Despite these compelling allegations, however, the Defrance Family's response misses the mark. To begin with, many of these allegations, although disquieting, are pure conjecture or conclusory, devoid of any alleged factual support. Further, and more importantly, none of these allegations appears anywhere in the pleadings. And, since the Court has before it a motion for a judgment on the pleadings, it should go without saying, the Court will not consider matters that fall *outside the pleadings*. *Horsley*, 304 F.3d at 1136 (emphasis added) ("[W]e will not consider matters outside the pleadings when passing on a Rule 12(c) motion for judgment on the pleadings.").

Next, without citing any legal support, the Defrance Family submits "anything more than a disclaimer of the res is all that is required for the putative claimants to litigate their priority to it." (Defrance Family's Resp. at 4.) Simply having "an inchoate claim" to a res, however, does not itself establish the rights to proceed as a claimant in interpleader. *Gen. Acc. Group v. Gagliardi*, 593 F. Supp. 1080, 1091 (D. Conn. 1984), *aff'd sub nom. Gen'l Accident Group v. Gagliardi*, 767 F.2d 907 (2d Cir. 1985). Indeed, "[m]erely being named as a prospective claimant," does not itself confer any rights to the res. *Id.* at 1089. In addition to filing an answer to the interpleader complaint, a named interpleader defendant who does not also "assert a claim to the res forfeits any claim of entitlement that might have been asserted." *Sun Life Assur. Co. of Canada, (U.S.) v. Conroy*, 431 F. Supp. 2d 220, 226 (D.R.I. 2006). Here, the Defrance Family has filed an answer to the interpleader complaint. It has not, though, asserted any actual claim to the res and the time to do so has long since expired. This is fatal to surviving Apparisio's motion for judgment on the pleadings.

The Defrance Family insists it can await the conclusion of discovery and the completion of further investigation into Eve's death before "decid[ing] whether disclaiming their interest in the res is merited by the facts that have been revealed." (Defrance Family's Resp. at 6.) The Defrance Family believes the mere "suggestion that Apparisio *may* have had something to do with Eve's death," is enough for them to proceed in this case (*Id.* at 7.) Joelle and Dimitri

also maintain they need only "substantiate their claim when the facts reveal the basis to do so." (*Id.* at 9.) None of this is so. The Defrance Family cites to no legal authority that exempts it from the pleading standards set out in the Federal Rules of Civil Procedure just because this is an interpleader action. A bare assertion that the Defrance Family may, at some point, possibly make a claim to the policy proceeds is not good enough. To be sure, "[i]t is well[ ]settled that interpleader is not available when one of the two 'conflicting claims' is of such ethereal gossamer as to be totally devoid of substance." *Equitable Life Assur. Soc. of the U.S. v. Jones*, 679 F.2d 356, 360 (4th Cir. 1982). The Defrance Family seeks to proceed simply because Apparisio has not been "ruled out" as a suspect. But the "sheer possibility that a defendant has acted unlawfully," *Iqbal*, 556 U.S. at 678, is insufficient to nudge a claim "across the line from conceivable to plausible," *Twombly*, 550 U.S. at 570. Without more, Apparisio has shown there are no material facts in dispute and that he is entitled to judgment as a matter of law. Because of this, and the analyses set forth above, Apparisio is entitled to a judgment on the pleadings with respect to Joelle and Dimitri.

### 4. Conclusion

Since the Court issued its amended scheduling order, on November 20, 2019, the Defrance Family has not sought to amend its pleading, nor has it sought an extension of the deadline to do so. While the Defrance Family has recently requested a stay of discovery or an extension of the discovery cutoff date (ECF No. 75), to allow further investigation into the circumstances of Eve's death, its silence as to an actual, good-faith affirmative claim to the res endures. This case has been pending for over a year and the Defrance Family has yet to plead any facts that show Apparisio unlawfully and intentionally killed Eve, as required under Florida's slayer statute. Joelle, in the Defrance Family's response, "asks [the] Court [for] a chance to develop the facts to present to the finder of fact at the appropriate time." (Defrance Family's Resp. at 2.) But rather than seek a stay of this case from the outset, so that both the Canadian and French investigations could run their course, the Defrance Family, instead, has responded to Apparisio's motion, engaged in discovery, and moved forward in actively litigating this case. The Court, therefore, grants that aspect of Apparisio's motion for judgment on the pleadings that seeks judgment as to Joelle and Dimitri only, with prejudice, and without leave for either of them to amend.

Apparisio has not, however, addressed the Estate's role in this case. Because the Estate appears to have been served but has not answered the interpleader complaint or otherwise appeared to make any claim to the res, the

Court finds the Estate in default. To that end, then, the Court **orders** Apparisio to file a motion for default judgment against the Estate, on or before **June 24, 2020**. Apparisio's motion must also specifically seek disbursement of the registry funds, indicating to whom the funds are to be returned. Accordingly, the Court denies that aspect of Apparisio's motion that seeks disbursement of the res. As such, Apparisio's motion (**ECF No. 60**) is **granted in part and denied in part**

The Court directs the Clerk to **mail a copy of this order** to the Estate, at the address listed below.

All other pending motions are **denied as moot**.

**Done and ordered** at Miami, Florida, on June 17, 2020.

Robert N. Scola, Jr.
United States District Judge

*Copies via international mail to:*

**The Estate of Eve B. Defrance**
c/o Joëlle Defrance
397 Boulevard Eric Tabarly
06270 Villeneuve-Loubet
France