United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Olivier F. Apparisio,<br>Plaintiff/Counter-Defendant,<br><br>v.<br><br>Pruco Life Insurance Company,<br>Defendant/Counter-Plaintiff,<br><br>v.<br><br>The Estate of Eve B. Defrance,<br>Joelle Defrance, and Dimitri<br>Defrance, Third-Party Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 19-20823-Civ-Scola |

### Order Granting Motion for Default Judgment and Directing Disbursement of Funds

Plaintiff Olivier F. Apparisio initiated this action against Defendant Pruco Life Insurance Company to collect under a life insurance policy issued to Eve Defrance, naming Apparisio as the sole beneficiary. The Court recently granted judgment on the pleadings in Apparisio's favor, against interpleaded defendants Joelle and Dimitri Defrance, Eve's mother and brother,[1] finding that neither had carried his or her burden of establishing an entitlement to the res—funds that Pruco deposited into the Court's registry when the Court dismissed it from this case. (Order, ECF No. 80.) At the same time, the Court noted Apparisio had failed to address Eve's Estate's involvement in this case. Because any claim the Estate might have to the res was unresolved, the Court was unable to disburse the funds, as Apparisio requested. Since the record established that the Estate had been served with the interpleader complaint but had not answered or otherwise made a claim to the res, the Court found the Estate in default. Accordingly, the Court ordered Apparisio to file a motion for default judgment with respect to the Estate. Apparisio has now done so, maintaining the Estate forfeited any claim it may have had to the res by failing to respond to the interpleader complaint. (Pl.'s Mot., ECF No. 83.)  No opposition to that motion has been filed and the time to do so has passed. After careful review, the Court

---

[1] Because there are multiple parties in this case who share the same last name, the Court refers to them by their first names when referring to them individually.

**grants** Apparisio's motion for default judgment against the Estate (**ECF No. 83**) and directs the Clerk to **disburse** the funds from the registry as set forth below.

Federal Rule of Civil Procedure 55(b)(2) authorizes a court to enter default judgment against a defendant who fails to plead or otherwise defend. Fed. R. Civ. P. 55(b)(2). A "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact," as set forth in the operative complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). In issuing a default judgment, a court may award damages "without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation," as long as "all essential evidence is already of record." *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232 n.13 (11th Cir. 2005) (quoting *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985)).

An interpleader defendant who fails to answer an interpleader claim and make an affirmative claim to the interpleaded funds, forfeits any claim of entitlement they may have had to the subject funds. *See Gen. Acc. Group v. Gagliardi*, 593 F. Supp. 1080, 1091 (D. Conn. 1984), *aff'd sub nom. Gen'l Accident Group v. Gagliardi*, 767 F.2d 907 (2d Cir. 1985) ("The failure of a named interpleader defendant to answer the interpleader complaint and assert a claim to the *res* can be viewed as forfeiting any claim of entitlement that might have been asserted."); *Sun Life Assur. Co. of Canada, (U.S.) v. Conroy*, 431 F. Supp. 2d 220, 226 (D.R.I. 2006) ("A named interpleader defendant who fails to answer the interpleader complaint and assert a claim to the res forfeits any claim of entitlement that might have been asserted.").

The Estate has defaulted by failing to respond in any way to the interpleader complaint. The Court therefore finds a default judgment against the Estate appropriate and **grants** Apparisio's motion (**ECF No. 83**).

Because the Court has already entered judgment on the pleadings against Dimitri and Joelle (ECF No. 80), and now enters default judgment against the Estate, it also grants Apparisio's request that the funds in the Court's registry be disbursed to him, as the sole remaining interpleader defendant. Accordingly, the Court directs the Clerk to **disburse** the funds deposited into the registry by Pruco Life Insurance Company on October 31, 2019 (ECF No. 48), plus accrued interest. The Clerk is directed to disburse the funds to Apparisio's counsel, Michael James Corey of Obront Corey, PLLC, by delivering the funds to the account "Obront Corey, PLLC Trust Account" held at Iberia Bank.

The Court directs the Clerk to **mail a copy of this order** to the Estate, at the address listed below.

Finally, the Clerk is directed to **close** this case. All other pending motions

are **denied as moot**.

      **Done and ordered** at Miami, Florida, on July 24, 2020.

                                            Robert N. Scola, Jr.
                                            United States District Judge

*Copies via international mail to:*

**The Estate of Eve B. Defrance**
c/o Joëlle Defrance
397 Boulevard Eric Tabarly
06270 Villeneuve-Loubet
France